**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 2:07cr41 |
| | ) | |
| JULIUS C. BERNARD | ) | |

**RESPONSE OF THE UNITED STATES TO MOTION**
**FOR MODIFICATION OF SENTENCE**

The United States of America, by and through undersigned counsel, hereby files its response to the defendant's motion, and this Court's November 17, 2014 Order, regarding a modification of the defendant's sentence pursuant to Title 18, United States Code, Section 3582(c)(2), and U.S.S.G. § 1B1.10.

Having pleaded guilty to Count One of the Indictment which charged conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, on June 25, 2007 the defendant was sentenced to 156 months' imprisonment. The defendant's guideline range was calculated using a base offense level of 34 minus three points for acceptance of responsibility, resulting in a total offense level of 31. The defendant's criminal history category was III. This yielded a guideline range of 135-168 months' imprisonment.

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the

applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

The defendant is correct that Amendment 782 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. The Court determined that over the life of the conspiracy, the defendant distributed 38.25 kilograms of cocaine and 10 pounds of marijuana, which converts to 7,654.536 kilograms of marijuana. The base offense level in this case therefore falls from 34 to 32, pursuant to Section 2D1.1 as amended by Amendment 782, made retroactive by Section 1B1.10(d). When combined with the other guideline applications made earlier, as required by Section 1B1.10(b)(1), the final offense level is 29. At the established criminal history category of III, this would result in a sentencing range of 108-135 months. This is a reduction in the originally applied range of 135-168 months' imprisonment.

The extent of the permissible reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The SRA charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction

authority is absolute." *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014).

The Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."   U.S.S.G. § 1B1.10(b)(2)(A).   An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)."  U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011).  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  *Id.*

Here, the Court originally sentenced the defendant to a total of 156 months, which was in the middle of the advisory guideline range.  The defendant was attributed with 7,654.536 kilograms of marijuana and therefore based on the Retroactive Drug Guidelines Amendment, his amended base offense level is now 32 minus three points for acceptance of responsibility, for a total offense level of 29 with a criminal history category III.  This results in an amended guideline range of 108 to 135 months and a restricted guideline range of 120 to 135 months because of the statutory mandatory minimum in this case.  Because the defendant's advisory

guideline range has been reduced, he is eligible for a sentence reduction from 156 months to 120 months.

However, the Sentencing Commission has directed, in Section 1B1.10(e)(1) (effective November 1, 2014), that any order pursuant to Amendment 782 reducing a sentence may not release a defendant earlier than November 1, 2015.  Also, a defendant cannot receive a sentence reduction that is greater than the number of months between November 1, 2015 and the defendant's projected release date which is presently set at May 20, 2017.  This calculates to a sentence reduction no greater than 18 months and 19 days.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:     _____/s/_____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of December, 2014, I electronically filed the foregoing Response of the United States to Defendant's Motion for Modification of Sentence with the Clerk of Court using the CM/ECF system and mailed a copy to the following non-filing user:

Julius C. Bernard
Inmate No. 57187-083
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL  33521

_____/s/_____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov